**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Ernest HOWARD a/k/a Earnest Howard, Defendant-Appellant.**

**No. 76–1818.**

United States Court of Appeals, Sixth Circuit.

Argued Nov. 18, 1976.

Decided Dec. 15, 1976.

Robert W. Willmott, Jr., Arnold & Willmott, Lexington (Court appointed—CJA), for defendant-appellant.

Eldon L. Webb, U. S. Atty., James E. Arehart, Lexington, Ky., for plaintiff-appellee.

Before PECK, McCREE and LIVELY, Circuit Judges.

PER CURIAM.

Defendant-appellant was convicted by jury verdict for harboring an escaped fugitive in violation of 18 U.S.C. § 1072. A three-year sentence was imposed, and this appeal followed.

Appellant was found guilty of having harbored one Dillon Sargent, and since at least for present purposes appellant concedes the act of harboring, the issue presented on appeal concerns the status of Sargent at the time in question. Some days earlier, Sargent had entered a plea of guilty to a charge of possession of a firearm by a convicted felon in violation of 18 U.S.C.App. § 1202(a)(1), and following his arraignment he had been remanded to the custody of the U.S. Marshal to await sentencing, set for ten days later. During that period Sargent was incarcerated in a local County Jail, and during this period he escaped from that facility, and was harbored by the appellant.

Appellant was charged and convicted under 18 U.S.C. § 1072, which reads as follows:

> "Whoever willfully harbors or conceals any prisoner after his escape from the custody of the Attorney General or from a Federal penal or correctional institution, shall be imprisoned not more than three years."

Since as indicated Sargent escaped from a county jail, it is apparent that the portion of the statute dealing with escape "from a Federal penal or correctional institution" is without application, and it therefore becomes necessary to determine whether his escape was "from the custody of the Attorney General."

■ In this case of first impression, appellant argues that since 18 U.S.C. § 4082 provides that after conviction a person shall be committed for such term of imprisonment as the Court may direct "to the custody of the Attorney General of the United States," Sargent was not in such custody because he had not at that time been so committed. We do not agree.

We conclude that Section 1072, which as a statute defining a crime must be strictly construed, must be read as proscribing escape in either of two circumstances, since otherwise the presence of the words "from the custody of the Attorney General or" would be entirely without meaning. The question thus becomes not whether that language extends the basis of the offense beyond escape "from a Federal penal or correctional institution," but how far it extends beyond that basis. Clearly, (and we understand appellant to concede this), escape from interim confinement at a non-Federal facility or while in transit to a Federal penal or correctional institution *after* the imposition of sentence would constitute a violation. In the present case, Sargent's guilt had been judicially determined, and we conclude, without expressing an opinion as to his status prior to that determination, that at the time of his admitted harboring by the appellant, Sargent was in the "custody of the Attorney General" within the meaning of 18 U.S.C. § 1072.

■ We further observe that 18 U.S.C. § 4086 provides "United States marshals shall provide for the safe-keeping of any person arrested, or held under authority of any enactment of Congress pending commitment to an institution." Since in the statutory scheme, the office of the Marshal exists as an arm of the office of the Attorney General, commitment to the Marshal can only be construed as a commitment to the Attorney General. See, e.g., 28 U.S.C. §§ 561(c), 562, 567, and particularly § 569(c).

The judgment of the District Court is affirmed.